———o———

THE STATE OF MISSOURI, to the use of SAMUEL P. MOORE et al., Plaintiff in Error, vs. GEO. T. WHITE, Adm'r of the estate of G. W. SONE, Deceased, Defendant in Error.

1. *Practice, civil—Errors—What may be reviewed without bill of exceptions.—* Where demurrer to a petition is sustained, and judgment rendered thereon, the error, if any, may be reviewed without a bill of exceptions.

2. *Administrator—Suit against by widow, for taxes paid—Averment as to steps taken by collector—As to her interest.—*In suit against an administrator by the widow of the deceased, for money paid by her for taxes on the estate during

his administration, to prevent a sale of the property to satisfy the same, the general allegation of her petition, that the taxes were duly levied, is sufficient. It need not show by a detailed statement, that the collector took all the steps required by the statute to authorize him to sell. And her averment that she paid the taxes, having an interest to prevent such sale, does not show facts exempting him from that duty under the statute. (Wagn. Stat., 101, § 1, subd. 2.)

*Error to Cole Circuit Court.*

*E. L. Edwards & Son,* for Plaintiffs in Error.

*G. T. White,* pro se.

I. The petition in this case discloses the fact that the property was the homestead, and that the widow was interested in it; hence she was bound to pay the taxes. (Whalley vs. Whalley, 50 Mo., 577; 57 Mo., 135; Elliott vs. Lemon, Cent. Law Jour., vol. 2, p. 227; Wilcox vs. Smith, 26 Barb., 326; 45 Barb., 188–9.)

II. If, as charged, it was defendant's duty to pay the taxes, it was the defendant's debt, and plaintiff could not, by paying them, make defendant her debtor. (2 Greenl. Ev., §§ 107, 113; Pars. Cont., ed. 1864, 499, 470.)

III. The petition does not sufficiently set forth compliance by the collector with statutory requirements. (Brookfield vs. Carter, 55 Mo., 310.)

NAPTON, Judge, delivered the opinion of the court.

The first question in this case is raised by a motion to dismiss. A petition was filed and a demurrer, and the court sustained the demurrer, and entered judgment thereon for defendant. A writ of error was sued out to this judgment. The objections are, that there was no motion for new trial, and no motion in arrest, in short, that there was no bill of exceptions in the case.

If error appears upon a record, a writ of error is the proper mode of correcting it. Petition and demurrer and judgment on the same are parts of the record, and there is no need of a bill of exceptions to make them records. And if error is

committed, apparent on the face of the record, no bill of exceptions is necessary. This has always been the law, and we are not aware of any decision of this court to the contrary. The motion to dismiss must therefore be overruled.

The remaining question presented by the record is, whether the demurrer was properly sustained.

The petition in the case avers that one, G. W. Sone, died December 1st, 1869, leaving as his widow, the plaintiff, now Mrs. Moore; that defendant White was duly appointed administrator; that White gave the requisite bond, etc., and, for breach of said bond assigns; that said White failed and refused to pay the taxes on the real estate of said Sone for the years 1871 and 1872; that it was the duty of White to pay these taxes, having ample funds of the estate in his hands to do so, but that he suffered the lands to be returned as delinquent, and Mrs. Moore, the plaintiff, having an interest in said estate, to prevent a sale for non-payment of taxes, paid said taxes, and a judgment is asked for the amount so paid.

The demurrer to the petition was based on these grounds: 1. that plaintiffs seek to make defendant their debtor without his consent, and without showing that the collector had taken any of the steps required by the statute to authorize him to collect said taxes; 2. that plaintiffs seek to compel defendant to pay taxes for land that they claim was theirs, and if said land was the land of plaintiffs, or either of them had any interest when it became subject to taxes, defendant was not bound to pay taxes on the land or their interest in it.

There is nothing in the first ground for demurrer. The matters alleged, if in fact they existed, were proper for an answer. The plaintiff alleges generally that the taxes were duly levied, and that is all that is necessary. It is not his business to point out all the details of the revenue law, and state a compliance with them.

The second point of objection is equally untenable. If the plaintiffs had no interest in the lands, of course they had no right and would have had no motive to interfere. Whether their interest was such as to exempt the administrator from

his duty plainly pointed out in our statute, is a matter upon which no facts appear. The 14th section of the 4th article of our administration law, requires the administrator to pay taxes due the State or county or incorporated town. There were no facts alleged in this case which showed the administrator to be exempt from such duty.

As the record stands, the judgment must be reversed and the cause remanded. The other judges concur.