GRAVES v. COCHRAN, *Appellant.*

1. **Homestead and Dower**: DOWER, HOW COMPUTED: NORTHAMPTON TABLES. When land, in which a widow has a homestead right, has been sold for purposes of partition, she is entitled, under section 6 of the homestead law, (Wag. Stat., p. 698,) to receive out of the proceeds of the sale, first, the value of her homestead. If this equals or exceeds one-third of the whole estate, she will receive nothing further; but if it is less than one-third she will receive in addition, by way of dower, an annuity upon an amount sufficient to make the aggregate equal to one-third. In order to ascertain the present value of her interest in that sum, the Northampton tables might be used.

2. **Dower not to be Diminished by Taxes.** The amount allowed a widow for her dower out of the proceeds of the sale of the estate of her deceased husband, is not to be diminished by the taxes, or any portion of the taxes assessed against the land either in her husband's life-time or during her quarantine.

*Appeal from Boone Circuit Court.*—HON. G. H. BURCK-HARTT, Judge.

This was a suit for partition of a tract of land in Boone county, belonging to the estate of William Cochran, deceased. Defendant was widow of deceased, and the premises in question had been their homestead. Being found not to be susceptible of partition in kind, the property was sold by order of the court, bringing $7,900. Defendant, thereupon, moved the court to order the payment of $1,500 to her in lieu of her homestead right in the land, and that she be adjudged endowed of the residue of the

purchase money as if the same were land, that is, that $1,133.33 be set apart for her use during her natural life, or that the commuted value thereof be paid to her in cash. Upon the hearing of this motion the defendant prayed the court to declare the law to be as follows: "Defendant, as widow, is entitled to have set off to her as, and for her homestead, and in lieu thereof, $1,500 out of the money derived from the sale of her deceased husband's lands— and she is also entitled to dower out of the residue of the net proceeds of such sale, provided, that said homestead (in money) does not exceed one-third part of the whole net proceeds of the sale of said lands, and if dower so estimated out of the proceeds is commuted into so much money, it should be done by calculating the present value of what would be the amount of interest at six per cent. on the principal, derived by deducting the $1,500 homestead from the net third of the proceeds of sale."

The court refused this prayer, and made the following declaration of law: "The dower interest in the money realized from the sale of the real estate after deducting therefrom all costs, and after deducting her homestead interest therein, should be ascertained, commuted and paid to defendant, provided her said homestead should not exceed her dower interest, and this to be determined by ascertaining the present value of one-third of the net proceeds of the sale on the basis of calculation fixed by the so-called Northampton Annuity Tables."

The court then found that the dower of defendant did not exceed the homestead, and ordered that she be paid in cash the sum of $1,500, less the sum of $326.78, which was admitted to be the amount of the unpaid taxes assessed and levied on all said land since the death of said William Cochran, deceased. It was admitted that all said land was, during that time, occupied by defendant.

*S. Turner* and *MacFarlane & Trimble* for appellant.

*O. Guitar* for respondent.

HENRY, J.—This case involves a construction of the homestead act in connection with that in relation to dower.

1. HOMESTEAD AND DOWER: dower, how computed: Northampton tables.
Before the passage of the homestead act, the widow was entitled to be endowed of the third part of all the lands whereof her husband was seized of an inheritance, and in partition proceedings, if it became necessary to sell the land, she was entitled to an annuity equivalent to one-third of the proceeds of the sale during her life. Wag. Stat., § 31, p. 544; § 39, p. 978. The first section of the homestead act gives to every housekeeper, or head of a family, a homestead not exceeding, in the country, 160 acres of land, or the total value of $1,500. By section 6 it is provided that: "The commissioners appointed to set out such homestead, shall, in cases in which a right of dower shall also exist, also set out such dower; and they shall first set out such homestead, and from the residue of the real estate of the deceased, shall set out such dower, but the amount of such dower shall be diminished by the amount of the interest of such widow in such homestead; and if the interest of such widow in such homestead shall equal or exceed one-third of the real estate of which such housekeeper, or head of a family, shall have died seized, no dower shall be assigned to the widow." The dower is diminished by the amount of the interest of the widow in the homestead— diminished by something taken from it—by the amount of what is so taken from it. The dower was one-third, but the homestead has been taken from it, and the balance, after deducting the homestead interest, is what she is entitled to as dower. If the homestead interest equal or exceed the dower interest, it is taken by her in lieu of dower; if less than her dower interest, she is to receive, in addition, of the real estate, or if sold, of its proceeds, a sufficient amount to make up what she is entitled to as dowress.

After setting apart the homestead, if it be less than the dower interest, the balance of her dower is to be set out from the residue of the real estate. The whole estate is the basis for the ascertainment of her dower, whether there be a homestead interest or not, while from the residue, after the assignment of the homestead, when such a right exists, the balance is to be set out. Here the land was sold, and the widow was entitled to $1,500 for her homestead, and in addition, such annuity as would make the aggregate equal one-third of the proceeds of sale. Wag. Stat., sec. 39, p. 972, directing, that when the land is sold, the present value of the dower interest is to be paid to the widow, has no application whatever to a homestead right, but only to the dower interest, in this case the balance after deducting the homestead interest, and the Northampton tables might be used to compute the value of that balance.

Nor is the dower interest of the widow to be diminished by the taxes, or any portion of the taxes assessed

2. DOWER NOT TO BE DIMINISHED BY TAXES. against the land, either in her husband's lifetime or during her quarantine. *Moore v. White*, 61 Mo. 442. Section 21 of the dower act provides that: "Until dower be assigned, the widow may remain in and enjoy the mansion house of her husband, and the messuages or plantation thereto belonging, without being liable to pay any rent for the same." It is the duty of the heirs to assign her dower, and section 21 is but a provision for her until that duty shall have been complied with by them. The judgment of the circuit court is reversed and the cause remanded, to be proceeded with in conformity to this opinion. All concur.

REVERSED.