E. D. Graham, Administrator of C. W. Allison, Deceased, Respondent, v. Samuel Allison, Appellant.

Kansas City Court of Appeals, February 8, 1887.

1. Circuit Court — Jurisdiction in a Suit to Construe a Will. In a suit by the administrator of an estate, the administration being had under the direction of a will, in the circuit court, praying the court to construe the will, and declare the rights of the parties claiming under it, and direct the proper distribution of the money in his hands, that court has jurisdiction. Such proceedings properly belong to the customary equity jurisdiction of our circuit courts.

2. Practice — Capacity to Sue — Waiver. — Where no question is raised in the trial court, as to the capacity of the plaintiff to maintain the action, either by demurrer, or answer, the objection is waived.

3. ——— Pleading — Good After Verdict. — Where no objection is made in the trial court, that the petition is defective, in not setting out *in haec verba* the will sought to be construed, or the terms and provisions of the whole will, it comes too late after verdict, and the petition will be held good, when it states, as it does here, the substantive part of the will to be construed, and so clearly states the provisions as to enable the court to ascertain its purport and meaning.

4. Wills — Construction of — Case Adjudged. — The will, for construction in this case, directed "that the balance of my property of all kinds be divided between my brother and sister, as the law directs," and, at the time of the death of the testator, he had two

life policies of the aggregate amount of four thousand dollars, which contained a covenant to pay to the "legal heirs" of the insured, *unless otherwise provided for by will*, the amount of the insurance. The administrator collected the insurance money by suit and holds it. The brother and sister named in the will are parties to this suit, and so also is the father of the testator. *Held*, That in this case the designated beneficiaries are the "legal heirs" of the testator. That the fund (arising from the policies) is not an asset of the estate of the testator, nor could the administrator apply the fund as *de bonis testatoris*. *Held, further*, That this is an instance of a naked power of appointment reserved by the insured, to be exercised by him by and through his last will and testament, and not otherwise. That no reference whatever is made to the subject matters in the will, and nothing on the face of the will to indicate to any one that such policies existed. That the *intent* must be so clear that no other reasonable intent can be imputed to the will; and if the words of the will may be satisfied without supposing an intention to execute the power, unless the testator had no other property subject to the operation of the clause of the will, it is no execution of it.

APPEAL from Audrain Circuit Court, HON. ELIJAH ROBINSON, Judge.

*Reversed and remanded.*

Statement of case by the court.

This is a suit to have the circuit court construe the will of C. W. Allison, deceased, and direct the administrator as to the disbursement of a certain fund held by him. The petition is as follows, omitting the caption :

"Plaintiff states that C. W. Allison departed this life on or about January 18, 1883. That before his death he made his last will and testament, and, after bequeathing to Miss Ellen Slaughter the sum of fifteen hundred dollars therein, he directed that *the balance of his property, of all kinds, be divided between his brother and sister, as the law directs*. That said last will and testament was in due time admitted to probate, and adjudged to be a will by the probate court of Audrain county, Missouri, and the said plaintiff was duly appointed administrator, with will annexed, of said estate, who has

duly qualified as such administrator, and is now in the
discharge of his duties as such administrator. That
the said deceased left surviving him, as his only heirs-
at-law, the said S. E. Allison, his brother, the said Annie
Allison, his sister, and the said Samuel Allison, his
father. That the said Annie Allison has been adjudged
to be of unsound mind, and the said H. A. Ricketts is
her guardian, duly appointed and qualified. That at the
time of the death of the said C. W. Allison he had two
life policies in the Masonic Mutual Benefit Society of
Indiana—one for the sum of fifteen hundred dollars, the
other for the sum of two thousand, five hundred dollars
—making a total of life insurance in the sum of four
thousand dollars. That each of said policies was a cov-
enant and agreement between the said insurance com-
pany and the said C. W. Allison, deceased, his executors
and administrators, to pay to the legal heirs of the said
C. W. Allison, *unless (otherwise) provided for by will,*
the said amounts. That in a suit at law for that purpose
the said plaintiff collected the said amount from the said
insurance company, and now holds the same, less the
expenses of said suit and its proportionate part of the ex-
penses of the said administration. That there was
sufficient property to pay the said legacy to the said
Miss Slaughter, and all of the debts of said deceased,
and said balance of the amount collected on said insur-
ance is to be distributed. That there is some question in
the mind of the administrator as to the true intent of
said will, taken in connection with the said insurance
policies, as to whether said last will and testament
undertakes to bequeath to said brother, S. E. Allison,
and said sister, Annie Allison, each one-half of the
money collected on said insurance policies, or whether
the said money should be divided between the heirs of
said deceased. That there is likely to arise between
the said heirs-at-law a dispute as to how said money
should be distributed. Wherefore plaintiff asks the
court to justly construe said last will and testament, and

declare the rights of the said devisees, legatees and heirs thereunder, and direct the proper distribution of said money."

The defendants, the said Samuel Allison, and the brother and sister of the testator named in the will, though duly summoned, made no answer to the petition. At the trial the plaintiff read in evidence two certificates, which are alike, except as to the dates and amounts. The certificate is as follows :

"This Certificate of Membership, witnesseth :

"That the Masonic Mutual Benefit Society of Indiana, in consideration of the representation made to it, in the application for membership (which by reference is made a part hereof) and the sum of six dollars to it in hand paid by Charles W. Allison, of Mexico, Mo., and the sum of one and ten hundredths dollars, to be paid to the secretary of the society, or to his accredited agent, by the said Charles W. Allison, within ten days after due notice has been served upon him of the death of a member of the society, as provided in the by-laws of the society, the said society does promise to, and agree with the said Charles W. Allison, his heirs, executors, administrators and assigns, well and truly *to pay to his legal heirs, unless otherwise provided for by will* of the said Charles W. Allison, within sixty days after due notice and satisfactory evidence of the death of the said Charles W. Allison, and proof of interest, if assigned or held as security, the sum of seventy cents for every member of the society, belonging to the first class (as shown in the margin of the certificate) at the time of the death of the said Charles W. Allison, and the sum of seventy-five cents for every member of the second class, and the sum of ninety-five cents for every member of the third class, and the sum of one dollar and sixty cents for every member of the fourth class. Provided, the aggregate amount of benefits, payable under this certificate, shall not exceed the sum of twenty-five hundred dollars."

The court found that, by the terms of the will, the fund so held by the administrator belonged to the said Annie and S. E. Allison in equal parts, and directed the administrator to pay the same over to them accordingly. From this judgment the said Samuel Allison prosecutes this appeal.

HITT & DUNCAN, for the appellant.

I. The court had no authority or jurisdiction to *construe* the will in this case : (1) Because the will was not set out in the petition, nor was the original, or a copy thereof, introduced in evidence, or shown to the court. (2) Because the circuit court had no *original* jurisdiction of this cause. Rev. Stat., sect. 1176 ; *Jackson v. Jackson*, 4 Mo. 210 ; *Miller v. Iron County*, 29 Mo. 122 ; *Pearce v. Calhoun*, 59 Mo. 271 ; *Brant's Will*, 40 Mo. 276.

II. The said Masonic Mutual Benefit Society is a mutual benefit society under the law. *State ex rel. Attorney General v. Merchant's Exchange Benevolent Society*, 72 Mo. 146.

III. To divert the payment of the fund now in controversy, from the beneficiaries named in said certificates of membership, there should have been an express direction by the said C. W. Allison, in his will, for that purpose. No general devise or provision in his will was an exercise of his power of appointment over the fund in the hands of the plaintiff. *Arthur et al. v. Odd Fellows' Benevolent Association*, 29 Ohio St. 557 ; 4 Kent. Com. (12 Ed.) star pp. 334, 335, 329 ; top pp. 345, 346, 340 ; *Order of Red Men v. Clendenin*, 44 Md. 429 ; *Greeno v. Greeno*, 23 Hun, 478 ; *Duvall v. Goodson*, 79 Ky. 124 ; Sugden on Powers, 282 ; *Bloggs v. Mills*, 1 Story C. C. 426, 445.

IV. The fund in question, arising out of said certificates of membership, and now in the hands of plaintiff, could, in no event, have been property of the testator, C. W. Allison ; nor could it have been

claimed by his administrator as assets belonging to the estate. *Arthur et al. v. Odd Fellows' Benevolent Association et al.*, 29 Ohio St. Rep. 557 ; 4 Kent Com. (12 Ed.) star p. 335, top p. 346 ; Sugden on Powers, 282, and notes ; *Mory v. Michael*, 18 Md. 227–241 ; *Johnson v. Stanton*, 30 Conn. 297 ; *Bingham's Appeal*, 64 Pa. St. 345.

V. There is nothing showing an *assignment* of the fund in question, arising out of said certificates of membership to the said Annie Allison, or S. E. Allison, by the said C. W. Allison. Cases last cited.

VI. The said Annie Allison and S. E. Allison were *provided for* by the will of the deceased, but the appellant, Samuel Allison, was not, nor was his name mentioned in the will. For this reason the whole of the fund in controversy should go to him.

VII. The policies state that the fund now in the hands of the administrator should go to the *legal heirs* of C. W. Allison, *unless provided for by will*. Annie Allison, S. E. Allison, and Samuel Allison, the appellant, are the legal heirs. Annie Allison and S. E. Allison were provided for by said will. Does the phrase, *unless provided for by his will*, have reference to the *legal heirs*, or to the fund in question? One may, by will, provide for an heir, but he would hardly provide for insurance money ; he might attempt to dispose of it, but the certificates of membership do not say, *unless otherwise disposed of by will*. The object of a will is to *provide* for the persons or institutions which are to be the beneficiaries under the will, and if the phrase, *unless provided for by will*, had been intended to have reference to the fund in question, and not to the *legal heirs*, there would have been used in its stead the phrase, *unless otherwise disposed of by will*, which was not done. And, as further evidence that the phrase had no reference to the fund in question, the testator made no reference to it in his will, nor to make such a provision by will was he required to have the assent or

approval of the said mutual benefit society, which is
always required by such companies, or societies, where
the assured, or member, attempts to exercise his power
of appointment over the fund.   If this position be cor-
rect, we submit that the appellant, Samuel Allison, is
entitled to the whole fund in controversy.

GEORGE ROBERTSON, for the respondent; F. C.
BRYAN, for the legatees.

I.   The objection that the will was not set out in
full in the respondent's petition is too late.   If there
were anything in this objection it should have been
raised by demurrer.   There is no pretense that the peti-
tion does not state the contents of the will sufficiently
and does not follow the language of the will sufficiently
to present clearly that portion of the will which requires
construction in this case.   The petition is taken as true
by no answer being filed to deny it, and, consequently,
unless some part of the petition, wherein the provisions
of the will, as set out, are denied, there was no object in
presenting the will to the court in the trial.   The peti-
tion stood, for all the purposes of the case, as true.
Rev. Stat., sect. 3545.

II.   The circuit court had original jurisdiction to con-
strue the will.   In *First Baptist Church v. Robberson*
(71 Mo. 326), it is distinctly held that the circuit court
has jurisdiction in this kind of a case.   The authorities
cited by appellant upon this point are not applicable.
In *Russell v. Eubanks* (84 Mo. 82), the administrator
had filed a petition for the construction of a will, and
the jurisdiction of the court was not questioned.

III.   The money collected by the administrator in
the suit by him against the Masonic Mutual Benefit Soci-
ety of Indiana, on the benefit certificates, or policies, is
assets of the estate, and while probably not liable for
debts of the deceased, is to be distributed by the admin-
istrator among the heirs, or as any will may direct.
The language of the benefit certificate is: "That the

Masonic  *  *  *  in consideration  *  *  *  does *promise to and agree with* the said Charles W. Allison, his heirs, *executors, administrators,* and assigns, well and truly to pay," etc.  The covenant and agreement to pay the money collectible under the certificates, is made directly to and with the administrator.  The administrator is "a trustee of an express trust" in this case. Rev. Stat., sect. 3463 ; *Rogers v. Gosnell,* 51 Mo. 466 ; *Phillips v. Ward,* 51 Mo. 295.  Either party, the heir, legatee, or administrator, might sue and recover the insurance money.  *McComas v. Insurance Co.,* 56 Mo. 573 ; *Greenfield v. Insurance Co.,* 47 N. Y. 430 ; Bliss on Life Ins. (2 Ed.) 518.

IV.  There is nothing in this case to show that the brother and sister received anything by the will outside of the insurance money.  In that event the will would be inoperative, which the law does not permit. 4 Kent Com. (11 Ed.) star pp. 334, 335, top pp. 371, 372.  An instrument exercising a power need not express the authority. *Reilley v. Chouquette,* 18 Mo. 520 ; 1 Sugd. on Powers, 473, 474.

V.  As to appellant's sixth point, that he is entitled to the whole fund in controversy, it is too utterly absurd to call for serious attention.  Suppose that the deceased had by will bequeathed all of his property and effects to the three heirs in various sums ; then, according to the logic of appellant's attorneys, all of said heirs being "provided for by will," none of them would be entitled to any of this life insurance money.  This, in itself, not only shows the absurdity of appellant's claim to all of the money, but as well the false construction placed by him upon the phrase in the certificates, "unless provided for by will."

VI.  By reference to the certificates, it is seen that they might be assigned, or held as security, and they were as much personal property as any chose in action.

PHILIPS, P. J.—I.  Several questions of minor im-

portance are raised by appellant, which we will dispose of in their order. It is objected that the circuit court had no jurisdiction over the subject matter of this action. The objection is overruled. Such proceedings properly belong to the customary equity jurisdiction of our circuit courts. *First Baptist Church v. Robberson*, 71 Mo. 326; *Russell v. Eubanks*, 84 Mo. 83; *Purdy v. Gault*, 19 Mo. App. 291.

II. It is claimed that the administrator was not entitled to recover this fund from the insurance company, and that he has no right to maintain this action. The fact remains, however, that he has collected it, and has it in his possession, and only asks the court to direct to whom he should pay it. It is presumable that the administrator was permitted to recover this fund because the policy itself made the promise "to and with the said Charles W. Allison, his heirs, executors, administrators, and assigns," to pay. In such case, the administrator might well, under the provisions of the practice act, be deemed the trustee of an express trust, and sue for the use and benefit of the beneficiaries. *McComas v. Insurance Co.*, 56 Mo. 575; *Greenfield v. Insurance Co.*, 47 N. Y. 430.

Be this as it may, the defendant failed to raise any such question, as to the capacity of the plaintiff to maintain this action, by answer or demurrer in the court below. The objection is, therefore, waived. Rev. Stat., sect. 3519; *Walker v. Deaver*, 79 Mo. 672.

III. It is further objected that the petition is defective in not setting out, *in haec verba*, the will sought to be construed, or the terms and provisions of the whole will. This objection might have been well taken had it been opportunely interposed before trial. But we think the petition good after verdict. It states the substantive part of the will to be construed, and so clearly states the provision as to enable the court to ascertain its purport and meaning. In favor of the verdict the presumption

will be indulged that this is the only clause bearing on the issue.

The practice act provides that no judgment, after verdict, shall be disturbed "for the want of any allegation or averments, on account of which omission a demurrer could have been maintained." Rev. Stat., sect. 3582; *Bower v. Kansas City*, 51 Mo. 454; *State v. White*, 61 Mo. 441; *Corpenny v. Sedalia*, 57 Mo. 88; *Sweet v. Maupin*, 65 Mo. 65; *Frazer v. Roberts*, 32 Mo. 457; *Hay v. Short*, 49 Mo. 139.

IV. By the failure to answer, the allegations of the bill stood admitted. With the clause of the will, and the provisions of the policies before the court, the only matter for its determination was, as to the proper construction to be given to the will and the policies, as respects the proper application of this fund.

The will directed "that the balance of his (my) property, of all kinds, be divided between his (my) brother and sister, as the law directs." This language is broad, and certainly would be comprehensive enough to embrace every character of property owned, in law or equity, in whole or part, by the testator. But did he own the fund provided for in the policies of insurance, in that sense which would be comprised within the general terms of the will, "all my property"?

By the provision of the certificates, which constituted the contract, and directed and limited the disposition to be made of the fund arising therefrom, nothing would arise thereon until after the death of the insured; and then the contract directed that the fund should be paid to his legal heirs, unless provided for in his will.

Manifestly, therefore, this case falls within that class of policies so prevalent throughout the United States, known as mutual benefit societies, which have frequently been before the courts for construction.

By these policies the insured makes provision for the objects of his charity and benevolence, or benefac-

tion, after his death. In this case the designated beneficiaries are his "legal heirs."

The fund, therefore, was not an asset of the estate of the testator ; nor was it a *debitum in presenti, solvendum in futuro.* Nor was it in the power of the administrator, after collecting it, to divert it from the direction declared by the policy of insurance. *Kentucky Masonic Insurance Co. v. Miller,* 13 Bush, 494 ; *Duvall v. Goodman,* 79 Ky. 229. Nor could the administrator apply the fund as *de bonis testatoris.* The authorities are all one way on this point. *Maryland Mutual Benevolent Society, etc., v. Clendennin, Adm'r,* 44 Md. 429 ; *Arthur v. Odd Fellows' Benevolent Association et al.,* 29 Ohio St. 557 ; *Green v. Green,* 23 Hun, 478 ; *Johnson v. Stanton,* 30 Conn. 297.

The only remaining question, therefore, for determination is, whether or not the insured provided for the disposition of this fund in his last will and testament, so as to divert it from his "legal heirs." The words, "unless provided for by will," both from the context and the generality of like provisions in such policies, imply the same as if the language had been : unless *otherwise* provided for by will. Any other meaning, or object, in employing the language used, would be strained and impractical.

This then presents the instance of a naked power of appointment reserved by the insured, to be exercised by him, and through his last will and testament, and not otherwise. Authorities *supra.*

Is the language employed in the will a sufficient execution of the power ? The rules of law governing this inquiry are now sharply defined, and generally recognized by the courts.

The intention to exercise the power of appointment by will must clearly appear by a reference in the will itself to the power, or to the subject, or it must arise from the fact, to be made apparent, that the will would be inoperative in this respect without the aid of the power,

such as that there was no other property to which it could apply. Sugden on Powers, 301, 303 ; *Morey v. Michael,* 18 Md. 228.

Kent, in his Commentaries (vol. 4, pp. 334–5), states the rule thus : " In the case of wills it has been repeatedly declared, and is now the settled rule, that, in respect to the execution of a power, there must be a reference to the subject of it, or to the power itself, unless it be a case in which the will would be inoperative without the aid of the power, and the intention to execute the power became clear and manifest. If the will be made without any reference to the power, it operates as an appointment under the power, provided it cannot have operation without the power. The intent must be so clear that no other reasonable intent can be imputed to the will ; and if the will does not refer to a power, or the subject of it, and if the words of a will may be satisfied without supposing an intention to execute the power, then, unless the intent to execute the power be clearly expressed, it is no execution of it."

In *Hazel v. Hagen* (47 Mo. 272–282), our Supreme Court recognize this rule as correct, and follow the opinion of Mr. Justice Story, in *Blagge v. Mills* (1 Story, 426), which is but an amplification of the rule laid down by Kent. It was in obedience to these rules that the following cases, where the language of the wills was quite as strong, if not stronger, than that used in the will in question, held there was no sufficient exercise of the power of appointment.

In *Arthur et al. v. Odd Fellows' Ass'n* (29 Ohio St. *supra* ), the charter of the association provided that the funds should be paid " to the widow, children, mother, sister, father, or brother, of deceased member, and in the order named, if not otherwise directed by the member previous to his death." The will devised and bequeathed to his children " my estate and property, real, personal, and mixed."

In *Maryland Mutual Benevolent Society, etc., v.*

*Clendenin* (*supra*), the will bequeathed "the entire residue of my estate to my three sisters  *  *  *  and my esteemed friend  *  *  *  each of them to have and receive a fourth part thereof absolutely." His policy in said society, by the terms of the charter, provided for the payment, upon his death, of a fixed sum "to the widow, child, children, or such person or persons to whom the deceased may have disposed of the same by will or assignment," etc.

In *Green v. Green* (23 Hun, *supra*), the by-laws of the association, in which the testator held a policy, provided that the premium "may be disposed of by his last will and testament, otherwise it shall belong to and be paid to his widow, or in case he shall leave no widow, then to his heirs and legal representatives," etc. His will bequeathed all his personal estate according to the provisions of the statute for the distribution of the personal estate of intestates."

In *Duvall v. Goodman* (79 Ky., *supra*), the same principle is recognized.

In the will of C. W. Allison, under review, no mention is made of the policies in the Benevolent Society, no reference whatever is made to the subject matter. There is nothing on the face of the will to indicate to any one that such policies existed. Clearly, therefore, unless some extraneous fact appears, to indicate that the will would be inoperative but for this fund being in the mind of the testator, the execution of the power must be held to have failed. We find nothing in this record to justify us in holding, as requested by the respondent, that the testator had no other property subject to the operation of the clause of the will in question. We will afford the parties an opportunity to develop this fact.

Unless such fact is made to appear on a further trial, the circuit court should adjudge that the money in question belongs to the "legal heirs" of the testator, and should be paid over accordingly. The fund now in the

hands of the administrator, after deducting the amount paid out by him in collecting the same from the insurance company, is not subject to the burdens and incidents of assets in the hands of the administrator, as such. It is essentially a trust fund.

The judgment of the circuit court is reversed and the cause remanded, to be proceeded in conformably to this opinion. All concur.