Smith v. Stephens.

SMITH, Appellant, v. STEPHENS et al.

164 415
172 27

Division Two, June 29, 1901.

1. **Widow's Quarantine:** RENTS AND PROFITS. Until dower be assigned, a widow is entitled in her own right and exclusively to the rents and profits of the lands of her deceased husband, and if while acting as administratrix of the estate she collects rents thereon and does not charge herself with the same as administratrix, it will be held that she takes the same under her quarantine right and not as administratrix.

2. ———: ———: MORTGAGE: SUBROGATION: INTEREST. One standing in such a relation to mortgaged premises that his interest can not be adequately protected without paying the same, is not a stranger and will be subrogated to the rights of the mortgagee. So, that, if the husband died leaving a mortgage on his land unpaid, and the widow, before the assignment of dower, out of the rents arising from the plantation, voluntarily paid off the mortgage debt when it was not necessary to protect her homestead and dower right for her to do so, she can. have no lien on the land for such payment. But if the payment was not voluntary, but necessary to protect her dower and homestead right, she, by operation of law, takes the place of the owner of the debt, and is, as a mortgagee in possession, entitled to have the amount so paid, with interest up to the time of payment, charged as a special lien on the land at the time her homestead and dower are assigned to her.

3. ———: ———: ———: ON PART OF LAND. In this case the entire
homestead consisted of 170 acres, and the mortgage covered only
100 acres, the statute making a homestead not exceeding 160 acres
of land and not exceeding $1,500 in value. *Held*, that as it was
impossible to tell whether her dower and homestead would be set
off in that 100 acres, since they had not then been assigned, a court
of equity will not condemn her to lose the amount of the mortgage
she paid off simply because it did not cover the whole tract.    But
if the assignment is made in the land covered by the mortgage,
then she should be required to bear her portion of the mortgage;
that is, the amount of the mortgage should be decreased by such part
as the number of acres of the mortgaged land set off to her bears
to the whole number covered by the mortgage, and the balance
should be made a lien on the remaining part of the mortgaged
tract.

Appeal from Moniteau Circuit Court.—*Hon. D. W.
Shackleford,* Judge.

REVERSED AND REMANDED.

*Wood & Wood* and *W. M. Williams* for appellant.

(1)    The court erred in requiring the plaintiff to pay the
taxes that accrued upon the land subsequent to the death of
her husband, and in refusing to charge the same in her favor
upon said real estate.    Her dower was never assigned to her.
She was entitled to the use of the land without being charged
with any part of the taxes thereon.    The rents and profits were
hers, and she was not bound to pay taxes out of the same.
Graves v. Cochran, 68 Mo. 74; Spinning v. Spinning, 10 Atl.
Rep. 270; Gentry v. Gentry, 122 Mo. 202.    (2)    The court
erred in refusing to charge, in plaintiff's favor, upon said land,
the amount which she paid after the death of her husband to
remove the incumbrance thereon.    This was not her debt. She
was entitled to the use of the entire farm, and to all the rents

and profits thereof until her dower was assigned. She was not liable for any taxes or other liens upon said real estate, and she should not be compelled to apply the rents and profits which belonged to her in payment thereof. R. S. 1899, sec. 2919; Gentry v. Gentry, 122 Mo. 219; Graves v. Cochran, 68 Mo. 77; Kemph v. Belknap, 43 N. E. 891. (3) The rents did not come to her as administratrix of her husband's estate, and that defense is untenable. Nelson v. Barnett, 123 Mo. 564. (4) Plaintiff was compelled to pay off the incumbrance and settle the taxes in order to enjoy the land and to protect her interest therein. She was therefore entitled to recover the same out of the land properly chargeable with the same. State ex rel. v. White, 61 Mo. 441; Jones v. Stanton, 11 Mo. 437; Kemph v. Belknap, 43 N. E. 891; Freeman on Co-Tenancy and Partition (2 Ed.), sec. 506; Jones on Mortgages (2 Ed.), 874.

*Moore & Williams* for respondents.

(1) Plaintiff is not entitled to recover the money paid to cancel the deed of trust against the 100 acres it covered. (a) Plaintiff did not pay off the $700 mortgage debt to protect any legal estate or interest of her own. The part she was entitled to, as a homestead, was not covered by the deed of trust. (b) She paid it voluntarily, not by compulsion, or by even the request of the holder of the note. (c) She paid it out of rents of the entire farm. (d) On the death of her husband, plaintiff and her infant stepson, had a joint homestead under the statute. It was a vested estate. R. S. 1889, sec. 5439. Plaintiff, as administratrix, as a widow with marital rights in her deceased husband's estate, and as the sole and close custodian of this infant, was, in duty bound, to have a guardian

appointed, and to have had the homestead and dower, if any, set out. That duty is inferential under the various provisions of the statute. It was binding under the general principles of equity. (2) There are cases where a life tenant can protect her own interest in land by paying off a lien against the same. In such case she would be entitled to equitable contributions from other parties interested in the land. Reyburn v. Wallace, 93 Mo. 326. (a) The taxes assessed against the land at the date of the husband's death, were properly paid by the administratrix. R. S. 1889, sec. 156. If, as she states, she paid all the taxes out of the rents, as administratrix, she is estopped from claiming that she was not acting under an order of court. (b) The case at bar is not one that gives plaintiff the right to equitable contribution. The equities of the case are clear from the facts stated. "No one can take advantage of his own wrong." Had she paid off the mortgage out of her own funds to protect her right of dower, her implied lien would only extend to the 100 acres, and not to the homestead. (3) Plaintiff states that she rented the land without an order of the court as administratrix. This can not place her in a better position than if she had got such order. She used the rents to pay a debt of the estate, without an order. It might have been done had she acted under an order. Equity will intervene and prevent her from repudiating the act. No technical rules will sustain such a claim in the case of an infant. Winter v. Railroad, 73 Mo. App. 201. Unquestionably, plaintiff collected and used funds which in equity and good conscience belonged to her infant stepson. She could equitably have been compelled to account for such funds. No laches or neglect were imputed to him. Tyler, Inf. and Coverture, secs. 111, 109; Bing. on Inf., 101. (4) The owner of a life estate in land is legally bound for the payment of the taxes assessed against the land, as also to keep up the repairs. Bone

v. Tyrell, 113 Mo. 188; Reyburn v. Wallace, 93 Mo. 326; Ferguson v. Quinn, 33 L. R. A. 688; Mintger v. Mintger, 32 L. R. A. 756; 1 Woerner, Law Admr., p. 217.   In a suit for dower against the owner of the fee in possession, the measure of damages is one-third in value of the rents after deducting taxes.   Griffin v. Regan, 74 Mo. 701; Rannells v. Washington University, 96 Mo. 227.

Wood & Wood and W. M. Williams for appellant in reply.

(1) It stands admitted that the mortgage or deed of trust was on 100 acres of the home farm or plantation, but not upon the part upon which the buildings were located, and that plaintiff, while in possession of said home place, paid the debt out of the rents.   These rents belonged to her.   Tincher v. Phillips, 37 Mo. App. 621; Nelson v. Barnett, 123 Mo. 571; Gentry v. Gentry, 122 Mo. 202.   It is immaterial that the deed of trust did not include the entire farm.   She had an interest in the part covered by it, and had the right to discharge the lien thereon in order to protect such interest, and should be subrogated to the rights of the lienholder against that part of the land.   (2) The five years' statute of limitations has no application to this case.   It is not a suit to enforce a personal obligation or contract, but to charge an equitable lien upon the land.   The deed of trust, if plaintiff had not paid the debt, could have been foreclosed at the time this suit was begun. Plaintiff should be subrogated to the rights of the mortgagee. Ailey v. Burnett, 134 Mo. 313; Freeman on Co-Tenancy and Partition (2 Ed.), 506; Hunter v. Hunter, 50 Mo. 445; Bobb v. Woodward, 50 Mo. 103; Orr v. Rode, 101 Mo. 397; Lewis v. Schwenn, 93 Mo. 26.   (3) Dower is not an estate till assigned.   Tiedeman on Real Property (2 Ed.), sec. 115;

Agam v. Shannon, 103 Mo. 661; Roberts v. Nelson, 86 Mo. 21. (4) The widow's quarantine is paramount to any right, interest or estate of the heir. Miller v. Talley, 48 Mo. 503; Casey v. West, 139 Mo. 174; Melton v. Fitch, 125 Mo. 281. The part upon which the mortgage existed was not the land that would have been set off as a homestead, but she held it under her quarantine. But if the plaintiff was only entitled to a homestead, she became subrogated to the rights of the mortgagee upon payment of the debt. Ailey v. Burnett, 134 Mo. 313.

GANTT, J.—This is an appeal from an interlocutory decree appointing commissioners to admeasure and set off the homestead and dower of the plaintiff in the lands of her deceased husband, William E. Smith.

The judgment was entered at the May term, 1898, of the circuit court of Moniteau county.

The action was brought by plaintiff against Arthur Philip Smith, the only son and heir at law of said William E. Smith. During the pendency of the suit said Arthur P. Smith died, and the present defendants, who are his devisees, were substituted in his stead.

Plaintiff in her petition alleged that her said husband, on March 25, 1888, died seized and possessed of the 170.93 acres described in the petition; that in the lifetime of said William E. Smith, he by his deed of trust dated May 16, 1882, (in which plaintiff joined), conveyed to B. F. Hays as trustee, all of said lands, to secure a promissory note of $700 made by said William E. Smith to George W. Hays, dated May 16, 1882, and bearing compound interest at the rate of eight per cent per annum; that at the death of her said husband said note remained unpaid with the interest thereon, and to protect her dower and homestead therein she was compelled to and did

pay off said note and the interest thereon, the whole debt amounting to $912.44; that she was compelled to and did pay off taxes on said land amounting to $89.72; that she is entitled to have the amount of said lien and the said taxes refunded to her, and to have her dower therein assigned; that said real estate can not be partitioned in kind without great prejudice to the owners thereof. Wherefore, she prayed to have the said lands sold and the proceeds partitioned as prayed and for all proper relief.

The defendants in their answer averred that Arthur P. Smith in his lifetime, by his duly executed will, devised all of said real estate to defendants as follows: an undivided four-fifths thereof to defendant J. J. Stephens; an undivided one-tenth thereof to Elizabeth Stephens, and an undivided one-tenth to Mary Laura Stephens. They admit that at the time of his death said William E. Smith owed the said $700 note, but they allege it was secured by a deed of trust upon one hundred acres only of said land and not upon all of it; that he paid the interest thereon until his death; they are informed that there was not sufficient personal estate to pay off said note and deed of trust and that plaintiff, as administratrix, rented all of said land for two years for $800, out of which she paid said note and interest; that she paid it as administratrix and not otherwise; that she has ever since continued to rent said land and received and appropriated the rents to her use; that said Arthur P. Smith was a minor without guardian, and trusted plaintiff implicitly and lived a considerable time with her; that plaintiff could have had the joint homestead of herself and said Arthur assigned and any dower she might have had in excess thereof, and could have leased the remainder for the payment of her husband's debts; that she did not do so and voluntarily paid off said incumbrance thereon and she is not now entitled to have said debt so paid by her made a

charge and lien on said land.    The reply denied all new matter alleged in the answer.    The circuit court refused to allow plaintiff the amount paid by her to relieve the lands of the lien of the deed of trust placed thereon by her husband in his lifetime or any part thereof, but appointed commissioners to admeasure her homestead and dower.

To reverse that judgment this appeal is prosecuted.

The statute in force at the time of the death of William E. Smith provided that "until dower be assigned, the widow may remain in and enjoy the mansion house of her husband, and the messuages or plantation thereto belónging without being liable to pay rent for the same." [R. S. 1879, sec. 2205; R. S. 1835, p. 229, sec. 15.]

In Collins v. Warren, 29 Mo. l. c. 240, Judge Scott, in construing this section, said: "Under this section, a widow may sue to recover her quarantine when ejected, or may defend herself under it against an action of ejectment by the heir or those claiming under him."    Long prior to that decision in Stokes v. McAllister, 2 Mo. 163, it had been ruled that she might maintain ejectment if ousted of her quarantine. [Miller v. Talley, 48 Mo. 503.]

All of these cases were reviewed and reaffirmed in Gentry v. Gentry, 122 Mo. 202.    In this last case it was expressly held that the widow's right to quarantine and all its incidents and profits is necessarily exclusive and she is entitled to the whole rent as the result of being the undisputed possessor of the whole plantation with the mansion house.    And in Graves v. Cochran, 68 Mo. 74, that the widow's interest as dower or quarantine is not to be diminished by the taxes assessed either in the husband's lifetime or during *her quarantine*.

In State to use of Moore v. White, 61 Mo. 441, the widow was allowed to recover, of the administrator, taxes paid by her to prevent a sale, for the non-payment of said taxes on the lands

Smith v. Stephens.

in which she was dowress.

In view of this unbroken construction of this statute, it must be held that the plaintiff was entitled in her own right, and exclusively, to the rents and profits of the plantation, and that she took the same under her quarantine right and not as administratrix. She never at any time charged herself with the same as administratrix. She then paid off the mortgage debt of her husband with her individual rents. If she did this voluntarily and it was not necessary to save and protect her homestead and dower rights, then she can have no lien for such payment, because the law will not allow one person without authority to pay the debt of another, and charge the amount so paid against the party for whose benefit the payment was made. But the plaintiff invokes a well-settled principle of equity, that one standing in such a relation to mortgaged premises that his interest can not be adequately protected without paying the same, is not a stranger and will be subrogated to the rights of the mortgagee under such circumstances. As plaintiff's dower and homestead had not been assigned it was impossible to say whether it would be admeasured and set off to her in the one hundred acres that was mortgaged or not. The homestead statute secured to her as a homestead a tract not exceeding one hundred and sixty acres, not exceeding $1,500 in value.

Her husband only owned 170 acres absolutely. A court of equity will not condemn her to lose the amount of the mortgage she paid off simply because it did not cover the whole 170 acres. No possible harm could have arisen to the heir by her redeeming the whole tract from the mortgage. It did not increase his burden at all, and her ownership of it has not been used to oppress him in any way. As was said in Arnold v. Green, 116 N. Y. loc. cit. 572, "While a mere volunteer, with no obligation to pay or interest to protect, is not entitled

to its aid, it is frequently applied in favor of a vendee of incumbered real estate, who, although not personally liable, has paid the debt of another which is a charge upon the land, and which, if not paid, might cause him to lose his interest therein. Under such circumstances the debt, although paid and satisfied in form, is regarded in equity as neither paid nor satisfied in fact, but by operation of law the former holder ceases to be the creditor, while the person paying takes his place as owner of the debt and security unimpaired. Where, within the limitations suggested, benefit may result to the person paying without injury to the person who should pay, equity casts the burden upon the latter, who ought in fairness to bear it, provided it will not work injustice or disturb the rights of other creditors of a common debtor."

In this case there are no other creditors and there was no personal estate. No legal obligation rested on the widow to pay the mortgage debt, but she was entitled to have the land so marshaled as to redeem her homestead and dower from the mortgage by paying her proportionate share of the mortgage debt on the land, as she had her unassigned dower and homestead therein, which she might lose or have it greatly impaired unless she redeemed it. But to redeem she must have paid the mortgagee the whole debt, unless the mortgagee voluntarily permitted her to redeem a part proportioned to her homestead and dower. [Gibson v. Crehore, 5 Pick. 153; McCabe v. Bellows, 7 Gray, 148; Ibid v. Ibid, 66 Amer. Dec. 467.]

This is a proceeding in the nature of an equitable partition. The present defendants stand in the shoes of their devisor, the only heir at law of William E. Smith.

As against the mortgagee in the mortgage of the one hundred acres, plaintiff could have no dower, because she had waived it as to him, unless she redeemed the land by paying the whole debt, but having paid it she is entitled to dower

therein as against the heir and his devisees.

If in the assignment of her dower and homestead any portion of said one hundred acres is required to make up her dower and homestead, she should be decreed to pay her proportion of said mortgage debt, and her share of said debt will bear the same proportion to the entire debt which said part of her homestead and dower in said one hundred acres bears to the one hundred acres which was mortgaged; and to receive from the defendants the said mortgage debt to the amount of $901.72, which latter sum shall be a lien on the said one hundred acres subject to her dower and homestead, and if a sale is decreed it shall first be repaid to her before paying the balance to the defendants.

If the homestead and dower can be admeasured and set off in kind and no portion of said one hundred acres is required, then she should not be charged with any portion of said mortgage debt, but she is entitled to have the same refunded to her out of said one hundred acres.

The decree shall direct that she recover the said mortgage debt to the amount of nine hundred and one dollars and seventy-two cents, and the said sum be declared a lien upon said 100 acres. After mature consideration we are of opinion that defendants should not be charged with interest other than the amount paid by her on the seven hundred dollar note up to the time she paid it.

We reach this conclusion from a view of all the equities in the case and upon the analogous principle that as to the one hundred acres she should be charged as a mortgagee in possession. The defendants should be allowed a reasonable time in which to pay off said lien and the taxes on said 100 acres; in default thereof a decree of sale to satisfy the same should be awarded. [Chiswell v. Morris, 14 N. J. Eq. 101; McArthur v. Franklin, 16 Ohio St. 193.]

Because the circuit court denied the plaintiff the right to have her payments out of her own funds refunded to her in any part, the decree is reversed, and the cause remanded for further proceedings in accordance with the views herein expressed.

*Sherwood, P. J.,* and *Burgess, J.,* concur.