## HAWKINS v. STEVENS.

No. 836, Ind. T.   Opinion Filed September 9, 1908.

(97 Pac. 567.)

**INDIANS—Creek Lands—Rights of Noncitizen Widow—Dower.** The noncitizen widow of an allottee of a quarter section of land of the Creek Nation, whose husband died in June, 1906, is entitled to dower in his estate, and until it is assigned to her is entitled to remain in and possess the home or house of her late husband, together with the farm thereto attached, free from all rent.

(Syllabus by the Court.)

*Error from the United States Court for the Western District of the Indian Territory, at Muskogee; William R. Lawrence, Judge.*

Action by Harry L. Stevens against Martha Hawkins. Judgment for plaintiff. Defendant brings error. Reversed, and case dismissed.

August 11, 1906, the appellee, who was plaintiff below, filed his complaint in the United States Court for the Western District of Indian Territory at Muskogee, against Martha Hawkins, in which he alleged that he was the owner and entitled to the immediate possession of the S. E. ¼ of section 20, township 16 N., range 17 E., and that in 1903 patent for said land was issued to Samuel L. Hawkins, a Creek freedman; that on or about the 15th day of June, 1906, the said Hawkins died, leaving as his only heirs at law, Babe Hawkins, Angelina Grayson, and Willie McIntosh, all of whom, in the months of June and July, 1906, made, executed, and delivered their deeds to the said tract of land for a valuable consideration to one W. W. A. Reynolds, who, on June 28, 1906, made, executed, and delivered to plaintiff his warranty deed to the said land; that the defendant is in unlawful possession

Vol. 21—54

of the said land, and refuses to move from the same, to plaintiff's damage in the sum of $200—and praying judgment for the said sum and possession of the land.

To this the defendant filed her answer, denying the title of plaintiff and any damage, denying knowledge of the heirship of the parties named, and further alleging:

"That on June 15, 1906, when Samuel A. Hawkins died, she and said Hawkins were living together on said above-described lands; that she was the lawful wife of said deceased, and as his widow is entitled to dower and homestead in all of said lands, the same being the homestead and domicile of said deceased; that, if the deeds described in the complaint of the plaintiff were executed and delivered as therein alleged, the land alleged to have been conveyed thereby is all subject to the dower and homestead of this defendant. Defendant further alleges that on the————day of June, 1906, she was duly appointed administratrix of the estate of the said Samuel A. Hawkins by the United States Court for the Western District of Indian Territory at Muskogee, and that letters of administration have been issued to her; that since her said appointment she has ascertained that there are numerous debts due from said estate, which debts are due, just, and ought to be paid, that the personal property of said estate will pay a very small part of said debts, and that the land above described is subject to the payment of said debts and the costs of administration."

The parties to the said action, through their attorneys, filed the following agreed statement of facts:

"The respective parties to the above-entitled suit, through and by their attorneys, agree upon the following statement of facts: That Samuel A. Hawkins was a freedman citizen of the Creek Nation, and at the time of his death, which occurred on the 15th day of June, 1906, he was the owner of his allotment in the Creek Nation, consisting of one hundred and sixty (160) acres of land described as the southeast quarter of section 20, township sixteen (16) north, and range seventeen (17) east. That he left surviving him no children, nor descendants of children, but left his wife, the defendant herein, Martha Hawkins, who is not a citizen of the Creek Nation, and as his heirs at law Babe Hawkins, a brother, Angelina Grayson, a sister, and Willie McIntosh, a nephew, who are citizens of said nation. That said Babe Hawkins and Angelina

Grayson on the 24th day of June, 1906, executed a deed to the above-described, land to W. W. A. Reynolds, and that on July 3, 1906, Willie McIntosh executed a deed to the above land to W. W. A. Reynolds. and that on June 28, 1906, said W. W. A. Reynolds executed a deed to the said land to Harry L. Stevens, the plaintiff herein."

Upon this the court rendered judgment awarding the land to plaintiff, and giving judgment for $200 as damages on account of its retention by the defendant. From this judgment, defendant appealed to the United States Court of Appeals of Indian Territory, and the case is before this court for consideration by virtue of our succession.

*Robertson, King & Kean,* for plaintiff in error.
*M. G. Bailey,* for defendant in error.

DUNN, J. (after stating the facts as above). The judgment of the court in this case was based upon the undisputed averments of the pleadings and the agreed statement of facts. Appellant's contention is that the same was erroneous, in that, being the widow of the deceased allottee, the owner of the land, which was occupied by her, she was entitled to dower therein, and that by virtue of having been appointed administratrix of her deceased husband's estate she was entitled to the possession of the entire tract, which she insists, with its proceeds, was liable for the payment of the debts of the deceased, and that, if either of these conditions were true, the judgment for $200, given as damages for her withholding possession from plaintiff, was erroneous. The appellee, plaintiff below, has not favored us with a brief. Hence we are unable to further state his contentions or the claims he makes upon which the judgment rendered should be sustained.

On June 30, 1902, Congress passed the following act:
"The provisions of the act of Congress approved March 1, 1901 (31 Stat. 861), in so far as they provide for descent and distribution according to the laws of the Creek Nation, are hereby repealed, and the descent and distribution of land and money pro-

vided for by said act shall be in accordance with chapter 49 of Mansfield's Digest of the Statutes of Arkansas, now in force in Indian Territory: Provided, that only citizens of the Creek Nation, male and female, and their Creek descendants, shall inherit lands of the Creek Nation; and provided, further, that if there be no person of Creek citizenship to take the descent and distribution of said estate, then the inheritance shall go to the noncitizen heirs in the order named in said chapter 49."

On April 28, 1904, Congress passed an act providing for additional United States judges in the Indian Territory and for other purposes. Act April 28, 1904, c. 1824, 33 St. 573 (10 Fed. St. Ann. p. 138). Section 2 of that act provides:

"All the laws of Arkansas heretofore put in force in the Indian Territory are hereby continued and extended in their operation, so as to embrace all persons and estates in said territory, whether Indian, freedmen, or otherwise, and full and complete jurisdiction is hereby conferred upon the district courts in said territory in the settlements of all estates of decedents, the guardianships of minors and incompetents, whether Indians, freedmen, or otherwise."

On May 2, 1890, chapter 53 of Mansfield's Digest of Arkansas was adopted and put into force in the Indian Territory. Sections 1820, 1859, 1875, 1891, and 1876, Ind. T. Ann. St. 1899, provide:

"Section 1820. (M. D. 2522.) When any person shall die, having title to any real estate or inheritance, or personal estate, not disposed of, nor otherwise limited by marriage settlement, and shall be intestate as to such estate, it shall descend and be distributed, in parcenary, to his kindred, male and female, subject to the payment of his debts and the widow's dower, in the following manner," etc.

"Sec. 1859. (M. D. 2571.) A widow shall be endowed of the third part of all the lands whereof her husband was seised of an estate of inheritance at any time during the marriage, unless the same shall have been relinquished in legal form."

"Sec. 1875. (M. D. 2587.) A widow may tarry in the mansion or chief dwelling-house of her husband for two months after his death, whether her dower be sooner assigned her or not, without being liable to any rent for the same; and, in the mean-

time, she shall have a reasonable sustenance out of the estate of her husband."

"Sec. 1891. (M. D. 2603.) It shall be the duty of the heir at law of any estate, of which the widow is entitled to dower, to lay off and assign such dower as soon as practicable after the death of the husband of such widow."

"Sec. 1876. (M. D. 2588.) If the dower of any widow is not assigned and laid off to her within two months after the death of her husband, she shall remain and possess the mansion or chief dwelling-house of her late husband, together with the farm thereto attached, free of all rents, until her dower shall be laid off and assigned to her."

The unambiguous terms of the foregoing statutes to our minds render extended discussion of the right of the defendant to retain possession of the land in controversy by virtue of her dower unnecessary. It appears, as is noted, it was the duty of the heirs to lay off and assign the widow's dower as soon as practicable after the death of the husband. The fact that the heirs of the deceased, immediately after his death, sold the land, conveying all of their interests in it, taken in connection with this suit of ouster, and the further fact that no mention is made either in the pleadings or in the agreed statement of facts of any assignment of dower, is, in our judgment, sufficient upon which to base a finding that it had not been made. This failure entitled her to "remain and possess the mansion or chief dwelling-house of her late husband, together with the farm thereto attached, free of all rent, until her dower shall be laid off and assigned to her," and the defendant was clearly within her rights in thus retaining this property as she did. *Trimble and Wife v. James, Adm'r*, 40 Ark. 393; *Mock et al. v. Pleasants*, 34 Ark. 63; *Smith v. Stevens et al.*, 164 Mo. 415, 64 S. W. 260.

Under the authority of the foregoing statutes, and the cases cited sustaining the principles and law declared therein, we hold that the widow was entitled to continue her possession of the land involved. This disposes of the principal question, and determines the controversy in her favor. Hence it will not be nec-

essary to pass upon the question of what rights her position as administratrix gave her.

The judgment of the trial court is accordingly reversed, and the case is dismissed, at the costs of appellee.

All the Justices concur.