STEGMAN v. BERRYHILL, *Appellant.*

| 72 | 307 |
| 38a | 51 |
| 72 | 307 |
| 88a | 576 |
| 72 | 307 |
| 95a | ²497 |

1. **Partnership**: DAMAGES. If two parties enter into a joint undertaking, and one of them fails to perform his part of the work, the expense of having it done by another is chargeable to him and not to his partner.

2. **Instructions.** No matter how palpable may be the error in an instruction, as it appears in the transcript, this court is bound to accept the transcript as true, and to reverse for the error. It cannot assume that the error is a mere mistake of the clerk.

*Appeal from Andrew Circuit Court.*—HON. H. S. KELLEY, Judge.

REVERSED.

*Belch & Silver* with *N. B. Giddings* for appellant.

HENRY, J.—This is a suit by Stegman against Berryhill, to recover the value of his share of a crop of fruit, grown on defendant's premises, which was gathered and sold by defendant, who received the proceeds and refused, as plaintiff alleges, to account to him for his share. By the terms of a lease from defendant to plaintiff, the latter was to attend to the orchard, gather and take care of the fruit, etc., plaintiff to have ten per cent of the proceeds of sale of peaches, and one-third of the apples each year, payable when the same should be sold. It is alleged in the

petition that in the year 1874, peaches were grown on the premises of the value of $7,000, and that plaintiff was entitled to ten per cent thereof, and that the defendant, in the spring of 1875, also had distilled from peaches of the crop of 1874, 225 gallons of peach brandy, of the value of $3.50 per gallon, and that plaintiff is entitled to ten per cent thereof, $78.75. He also claimed $42.73 for his share of apples grown on said farm. Defendant's answer alleges that, by the terms of the lease, plaintiff was to gather and take good care of the crop, and to make boxes, pick and pack, or box all the peaches, and deliver them, in good condition, at the railroad depot at Boston, in Andrew county, for which last service he was to receive $400, if the sale of the peaches amounted to $4,000, and $40 on each $1,000 in excess of that amount; admits that defendant received, for peaches and brandy sold $7,300, and that plaintiff, if he had complied with his contract, would have been entitled to $520; but alleges that plaintiff failed to comply with his contract, in that he failed to make the boxes, and failed to pick and pack or box the peaches, and to deliver them at the depot, all of which defendant was compelled to do, at great expense, which he claims plaintiff should be charged with. Other claims are made by plaintiff, and set-offs and recoupments insisted upon by defendant, but we have stated so much of the pleadings as present the only important question for our determination.

The evidence adduced by each party tended to establish the allegations in his pleading, and the court, of its own motion, gave the following instruction to the jury : " If you find from the evidence that defendant agreed to let plaintiff have one-third of the apples and one-tenth of the peach crop that should grow on defendant's farm, and that plaintiff was to work and give his labor, and the labor of his wife and boys, to the farm and orchard of defendant, and in and about the gathering and marketing of the crop, and you find that the plaintiff performed his part of the contract, and you further find that plaintiff has not re-

ceived his share of the proceeds, but that the defendant retains any portion of it, you should find the sum for the defendant. But if you find that the plaintiff was to gather, make the boxes, box and deliver the peaches at the Amazonia depot, as a part of his part of the contract, and you find that the defendant, with the consent of the plaintiff, assisted himself and employed assistance to do this work, you should deduct the costs and outlays thereof from the defendant's portion of the proceeds, and deduct also what plaintiff has received, and find your verdict for the balance, if any, for the plaintiff; and if any balance be found for the defendant, find the sum for him. The jury should determine from all the evidence, facts and circumstances, what the real contract was between the parties, and be governed by it in determining the rights of the parties."

Other instructions were given at the request of the parties, but it is unnecessary to consider them, inasmuch as for giving that of its own motion by the court, the judgment must be reversed, and the reasons for this determination will indicate what, in our opinion, is the law governing the case. The defendant alleged that, by the terms of the contract, the plaintiff was to furnish boxes and pick and box, or pack the peaches, and that having failed to do so, defendant was compelled, in order to save the crop, to perform that work for him, and yet the court tells the jury that the expense of that work should be deducted from the defendant's portion of the proceeds of the sale of the crop. This is manifestly erroneous. If it was work to be performed by plaintiff which he neglected or refused to do, the expenses of having it done should be borne by him, and not by the defendant. This is so clear that we doubted whether appellant's attorney had not made a mistake in copying the instruction from the transcript, but we find he has literally copied it.

It may be that it is a mistake of the clerk, but as we are bound to accept the transcript as correct in every par-

ticular, and cannot indulge in surmises to the contrary, the judgment, which was for plaintiff, is reversed, and the cause remanded. All concur.