COLUMBUS BISHOP ET AL. V. JAMES BROYLES ET. AL.; MISSOURI VALLEY COLLEGE AND BETHEL COLLEGE, Interveners and Appellants.— 22 S. W. (2d) 790.

Division Two, December 11, 1929.

*Henry S. Conrad, L. E. Durham* and *Hale Houts* for appellant Missouri Valley College.

*Thos. W. Martin* for appellant Bethel College.

72

*H. C. Hembree* and *E. L. Moore* for respondents.

WALKER, J.—The purpose of this proceeding is twofold. First, to construe a will and, second, to partition the property in controversy. The will in question is that of C. C. Broyles and Margaret I., his wife. It is joint and bears date of April 11, 1889. C. C. Broyles died in 1896; Margaret I. Broyles died in 1924. The will was duly proved in the Probate Court of Barton County, in January, 1896.

The plaintiffs, as well as the defendants, are the heirs at law of C. C. Broyles. The burden of the first count of the petition is that the terms of the will are too indefinite and uncertain to render the same operative as a devise of the real estate referred to. If this contention be sustained a partition will be authorized. Otherwise not.

The paragraphs (3 and 4) of the will seeking construction are as follows:

"3. At Margaret I. Broyles' death and after the expense of her last sickness and funeral has been paid, I direct my executors to transfer and deed all of my remaining estate to the trustees of Ozark College, an institution of learning owned and controlled by the Cumberland Presbyterian Church, situated at Greenfield, Dade County, Missouri, as an endowment fund to be loaned on real estate security perpetually, from year to year; the interest to be used to pay the school expenses of worthy young men, who are not able to educate themselves, and who declare their intention to become lifelong ministers of the Gospel in the Cumberland Presbyterian Church.

"4. And if by any means or circumstances, the said Ozark College goes from the ownership of the Cumberland Presbyterian Church, or its control, then the nearest College, to the said Ozark College, that is owned and controlled by the Cumberland Presbyterian Church and is without incumbrance, or indebtedness shall become heir to the endowment fund as above described."

The contention of Missouri Valley College, which was permitted to intervene, is that when Ozark College ceased to exist in the year 1901, it thereby terminated its connection with and was no longer under the control of the Cumberland Presbyterian Church and that the Missouri Valley College, being at the time the nearest college to said Ozark College owned and controlled by the Cumberland Presbyterian Church, and without incumbrance or indebtedness, became, under the terms of said will, entitled to the property or endowment fund mentioned in the will, subject to the life estate of Margaret I. Broyles. Further than this, that in the year 1906 there was a union or merger of the Cumberland Presbyterian Church and the Presby-

terian Church in the United States of America, and that at the time of the death of Margaret I. Broyles in 1924, Missouri Valley College was the nearest college to said Ozark College, which in truth and in fact, was owned and controlled by the Cumberland Presbyterian Church without incumbrance or indebtedness; that by the terms of the will Missouri Valley College became entitled to the remainder in said property at the time Ozark College went out of existence in 1901, subject to the termination of the life estate.

Bethel College, of the State of Tennessee, filed an answer and intervening petition in the cause, alleging that at the time of the death of Margaret I. Broyles in 1924, it was the nearest college to Ozark College, then owned and controlled by the Cumberland Presbyterian Church, without incumbrance or indebtedness.

The issues were joined as aforesaid and upon a hearing a decree was entered in favor of the plaintiffs from which the interveners have appealed.

I.  The respondents contend that the grantee or beneficiary named in the will of C. C. Broyles after Ozark College ceased to exist is so indefinitely designated as to be incapable of identification.  This contention is based on the rule that certainty of the identity of a devisee is necessary to the validity of the will. There is no ground for controversy as to the correctness of this rule under a proper state of facts.  Supplemental thereto, however, and equally fundamental in the construction of a will, is the rule, that if a will is ambiguous in the designation of the beneficiary and can be made definite by evidence *aliunde*, such evidence is admissible to determine the intention of the testator.  As illustrative of the application of these rules we held in Griffith v. Witten, 252 Mo. 627, 641, that if a will is susceptible of construction and expresses a defined purpose, and that purpose contemplates the disposition of the testator's property, it will not be held to be void.  The rule is stated more broadly in the later case of St. L. Union Tr. Co. v. Little (Mo.), 10 S. W. (2d) 47 and cases at page 51 et seq., to the effect that a will cannot be held to be void for uncertainty, unless it is absolutely impossible to put a fair meaning upon the terms used. In all of these cases the pole star of interpretation is the testator's intention.  This cardinal doctrine has found recent expression in Coleman v. Haworth (Mo.), 8 S. W. (2d) 93, in which it is held that a court must find the testator's general purpose, reconcile the conflicting provisions, if reasonably possible, and reduce the testator's intent to articulate terms.

In an early case, Barkley v. Donnelly, 112 Mo. 561, the will contained a devise providing for the establishment of a home and place for the maintenance and education of poor children and it was held

not to be too indefinite and uncertain in its terms to be enforced in equity. In the cases cited by the respondents to sustain their contention as to the invalidity of the will on account of uncertainty it will be found upon examination that the facts in those cases in which it was held that the wills there under review were void for uncertainty, are entirely different from those in the instant case. They cannot, therefore, be fairly held to support the respondents' contention.

II. In the light of the facts, therefore, guided by the rule of construction stated, is the will of C. C. Broyles void for uncertainty? Preliminary to a detailed statement of the facts it is beyond controversy that upon the death of C. C. Broyles the title to his property, subject to the life estate of Margaret I. Broyles, was invested in Ozark College, then owned and controlled by the Cumberland Presbyterian Church, which said property was to constitute an endowment fund to be loaned upon real estate security, perpetually from year to year, the interest arising therefrom to be used to defray the cost of education of young men unable to educate themselves and whose intentions are to become life ministers of the Cumberland Presbyterian Church. At the time of the making of C. C. Broyles's will and at his death, Ozark College was under the jurisdiction of the Cumberland Presbyterian Church and was engaged in the education of young men for the ministry of that church. The devise, therefore, so far as concerns Ozark College is not assailed for uncertainty, if said college had been in existence at the time of the death of Margaret I. Broyles. It is contended, however, that since Ozark College ceased to exist in 1901 and on account of the merger of the Cumberland Presbyterian Church with the Presbyterian Church in the United States, in 1906, that the beneficiary has become indefinite and uncertain.

The corporate character of the Missouri Valley College as an educational institution devoted to the education of ministers of the Presbyterian Church is not denied, or if denied it is enough to say that it is affirmatively shown by the testimony; nor is there any dispute that at the time Ozark College ceased to exist in 1901 it passed out of the control and jurisdiction of the Cumberland Presbyterian Church and that Missouri Valley College was at the time the nearest college to Ozark College, owned and controlled by the Cumberland Presbyterian Church. The contention is made, however, that the remainder in the property devised by C. C. Broyles did not vest in Missouri Valley College at the time Ozark College ceased to exist, but if at all, upon the death of Margaret I. Broyles in 1924, and that at that time Missouri Valley College had ceased to be Cumberland

Presbyterian in character. C. C. Broyles was the owner of the fee in the land devised. Upon his death his will became operative, so far as concerns the beneficiaries named and the estates created. Upon his widow Margaret I. Broyles not only acquiescing in the will and refusing to renounce its provisions she became invested with the life tenancy and by operation of law, under the terms of the will, the other beneficiaries became entitled to remainders, subject to the contingencies mentioned. Under these facts it is evident that the estates created began to exist upon his death and not that of his wife.

Incidentally, it is contended, notwithstanding uncontradicted testimony to the contrary, that the Missouri Valley College was not under the control of the Cumberland Presbyterian Church at the time Ozark College ceased to exist, because it was controlled by a board of trustees, although such trustees were elected by a synod of the Cumberland Presbyterian Church. It is a sufficient answer to this contention that the courts held that boards which incorporate civic organizations such as the Missouri Valley College are but agencies or instrumentalities of the church and subject to its control, ownership and dominion. [Helm v. Zarecor, 222 U. S. 32; Synod of Kansas v. Mo. Valley College, 208 Fed. l. c. 324; Barkley v. Hayes, 208 Fed. 319; Watson v. Jones, 13 Wall. 379.]

Under the testimony, therefore, and the rulings of the Federal courts above cited, when Ozark College ceased to exist Missouri Valley College, being a corporate entity, owned and controlled by the Cumberland Presbyterian Church and the nearest college of that character to Ozark College, Missouri Valley College, under the clear terms of the will and subject to the life estate of Margaret I. Broyles, became invested with a remainder in the estate devised. This estate, under the express terms of the will, was subject to a condition subsequent, that upon Ozark College ceasing to exist or as the will has it (Par. 4), "goes from the ownership of the Cumberland Presbyterian Church, or its control, then the nearest college owned and controlled by said church, without incumbrance or indebtedness, shall become heir to the endowment fund above described."

III. The title or estate of Missouri Valley College upon the death of the testator was that of a contingent remainder to become vested, upon the termination of the life estate and the passing of Ozark College from the control and ownership of the Cumberland Presbyterian Church. In this connection it may be added that so far as concerns the rights and property interests of Missouri Valley College, under the will, they are unaffected by the character of the estate granted to Ozark College, whether vested or contingent. Upon the happening of the

contingencies mentioned, the interest of the nearest college of like faith to Ozark College became vested.

Numerous authorities sustain the conclusion that the law favors vested estates and where there is doubt as to whether an estate is vested or contingent the courts will construe it to be vested. [Tindall v. Tindall, 167 Mo. l. c. 225; Chew v. Keller, 100 Mo. l. c. 368.] Furthermore, the rule is that an estate shall be held to vest at the earliest possible moment in the absence of a contrary intention manifested in the grant. [Warne v. Sorge, 258 Mo. l. c. 171; Heady v. Hollman, 251 Mo. 632.] See also Green v. Irvin, 309 Mo. 302, where many cases on vested and contingent remainders are cited and considered.

IV. The respondents, although conceding the certainty or definiteness of the devise to Ozark College and that it is in the nature of a charitable trust, contend that there existed no lawful taker when that college ceased to exist or, in other words, that there is no such designation in the will, as the law requires, to create the trust. This contention is not supported by the facts. It was shown without contradiction that Missouri Valley College was a corporate entity; that it was of the faith and doctrine of the Cumberland Presbyterian Church; that its proximity to Ozark College at the time the latter ceased to exist was, under the terms of the will, such as to entitle it to the estate, subject to the life tenure of Margaret I. Broyles.

V. It is also contended that after the merger in 1906 of the Cumberland Presbyterian Church with the Presbyterian Church of the United States, Ozark College, having ceased to exist in 1901, the beneficiary was rendered so uncertain as to destroy any claim of Missouri Valley College to the endowment under the terms of the will. This contention is based upon the mistaken assumption that the right of Missouri Valley College to a remainder did not arise until the death of the life tenant, Margaret I. Broyles, in 1924. We have adverted to the fact, which we repeat, that the right of the college as a remainderman came into existence upon the death of the testator in 1896. While it was contingent in its nature, first, upon the determination of the life estate, and second, upon Ozark College ceasing to exist, neither contingency can in reason render less certain the terms of the will or lessen the interest of Missouri Valley Colllege, in the endowment fund. In addition, it appears that at the time of the merger of the two churches there was no material difference between their respective cardinal doctrines. Their merger therefore was purely material and did not affect either their faith or practice and the assumed passing out,

as contended by the respondents, of Missouri Valley College from the ownership of the Cumberland Presbyterian Church, cannot be said to be more than nominal. This aside, however, the prior creation of Missouri Valley College's interest in the endowment fund and its continued existence forestalls any argument that may be made as to the effect of the merger upon that interest.

We, therefore, hold that there is no vagueness or uncertainty in the will, either as to the beneficiaries or the nature of the interest devised; and that Missouri Valley College became entitled, upon the termination of the contingencies mentioned, to a vested interest in the endowment fund provided for in the will for the purposes therein defined. This finding forecloses the claim of Bethel College to any interest in the endowment fund and denies the claims thereto of the respondents as heirs at law of C. C. Broyles.

The judgment of the trial court is, therefore, reversed and remanded with directions to proceed herein as indicated in this opinion. All concur.